The court now calls case 12016 to People of the State of Illinois v. Cornelius Shinaul Are you ready to proceed? Happily ready? May it please the court. My name is John Nowak. I'm an assistant state's attorney from Cook County and I represent the people of the state of Illinois in this case. In this case, your honors, this is a case where one party to a negotiated plea agreement received an unexpected windfall based on a mutual mistake. Here the people dismissed eight felony firearm counts and agreed to a 24-month probation term in exchange for the defendant pleading guilty to a single Class 4 aggravated unlawful use of a weapon count. That agreement was based on the understanding that when it was all said and done, this defendant would have a felony gun conviction on his record, Class 4 AUW. Now he doesn't. Parties at the time of the plea did not anticipate, this was back in 2009, did not anticipate that the particular count the defendant was pleading guilty to would be declared unconstitutional in 2013. There were other forms among those eight dismissed counts that remained constitutional. In particular, count number four, a Class 4 AUW for possessing a firearm while under the age of 21. And to be clear here, your honors, the people are not asking that this defendant serve an additional sentence. Absolutely not, your honors. All the people are asking is to have the opportunity to have that bargain for Class 4 AUW on his record when this is all over. And in order to get to that point, parties should be restored to their status before the plea, now that that plea has been withdrawn and that conviction vacated. May I ask a fact question? In the original case, was there one gun or two? There was one count that he pleaded guilty to. There are eight counts, so how many weapons were involved? There was one weapon. He was charged with nine counts. Eight of them were AUWs and the ninth was a more minor offense. Mr. Malek, the defendant pleaded guilty to an offense that was valid at the time, right? That's correct, your honor. And he served his sentence in compliance with that plea, right? Correct. And where is that a mistake? How is that a mutual mistake? Up until he added the conviction vacated under Aguilar, up until that point, up until Aguilar, that was a mistake. At that point, until he filed his 214-01, if he had just remained with that conviction on his record, there would be no mistake. He had his conviction on the record, he served his probation term, and it would remain on his background, on his record. So there was no mutual mistake at the time. And, of course, after Aguilar, that conviction, that particular subsection of AUW was declared unconstitutional. But it remained on his record until the defendant decided to ask the court to vacate it. If he hadn't asked the court to vacate it, he'd still have it on his record, even though it was under that particular subsection of AUW. He served his probation term, and that would be it. The people would not be back in court asking to reinstate any charges if he hadn't come to court to ask to have it vacated. But now that he has, now, and the court vacated it with the state's agreement, because, again, once he came to court and asked to have it vacated, the state understood that under Aguilar, that particular count couldn't stand. And so now, years later, there's that mutual mistake that comes into effect now. Once he has that conviction, he comes to court and asks to have it vacated. At that point, just under contract principles, as this court has held for decades, the parties had to be restored to their status before the plea was asked. So the mistake does not have to be at the time? It can be a mistake that comes to be because of a subsequent event? Well, just to clarify, the mistake really was at the time of the plea. Because at the time of the plea, both parties believed that this particular form of AUW was constitutional. It was only years later that the parties understood that was a mutual mistake at the time. And, again, this is like Taylor. Because in Taylor, that had to do with the sentencing issue, but that was part of the plea agreement, was that there the parties agreed it was an armed robbery, and the parties agreed that he would plead guilty to one count of armed robbery in exchange for the state recommending a sentence of no more than 30 years. But the understanding was based on the fact that the minimum sentence the defendant in Taylor could have would be 21 years, six plus the mandatory 15-year add-up. After the plea agreement was entered, this court in Hochschild held that the 15-year enhancement was unconstitutional. So at the time, so akin to Taylor, at the time in Taylor, they had that plea agreement. The mutual mistake was there, but nobody knew it until later when this court in Hochschild declared that 15-year add-on to be unconstitutional. So what this court did then, instead, the defendant in Taylor asked for, well, that's unconstitutional, so I should only have 15 years off my sentence. So instead of 24 years, I should get nine. This court held no. That's unfair to the state, because their bargain was based on their understanding at the time, both parties, that the minimum sentence he could get was 21 years. It wasn't until years later that that mutual mistake became apparent in Hochschild. And that's similar to here, Your Honors. Here, at the time of the plea, the parties believed that count to be constitutional. Years later, both parties find out that was a mistake. It's unconstitutional. If the parties had known at the time that it was going to be declared unconstitutional, the state would not have agreed to vacate constitutional ones that remain constitutional, like count four for AUW being under 21, possessing a firearm. So this was a mutual mistake. It was present at the time, but it didn't become apparent until years later. And again. Counsel, is it clear for me? Was 214.01 not a proper vehicle for the defendant to use to seek relief from judgment? It was the proper vehicle for this defendant to use. So where did it go wrong? In what sense, Your Honor? Well, obviously, you came in, and he asked, I guess, to withdraw the plea. Was that something that was available under 214.01? Yes. Was that not proper either? It was proper under 214.01 in the sense that he was attacking a void of judgment. And as it turned out, this conviction for this particular form of AUW, it was void. The statute was declared void in Aguilar. And so this was a proper avenue for this defendant to come into court. After 30 days of the lapse from his guilty plea, obviously, several years had passed. And this was the mechanism for him to do that. So it wasn't there for the court to grant him that relief? It wasn't, Your Honor. The error occurred when the court granted one side of the relief. Because, again, this comes down to the fact that this is a negotiated plea agreement. And so the defendant was in court properly under that 214.01 petition. And he asked specifically to have his conviction vacated and to have his plea withdrawn. But once that happens, Your Honors, his part of the relief granted, the circuit court was obligated to allow the state to assert their right to reinstate those charges. And, again, this should not have come as a surprise to this defendant. When he pled guilty in 2009, he was specifically warned that if he had his plea withdrawn, the state could reinstate those dismissed charges. That's at the record of the report of proceedings at age 70. And this court has held for decades that contract principles apply, and they apply for both sides, both the defendant and the state, in a negotiated plea agreement. Do we have the same situation as a, you're equating this to a contract principles, and he's allowed to withdraw his guilty plea if the 214.01 in the order of the court actually granted, vacated the conviction because it was based upon an unconstitutional statute. Do we have those same concerns about a plea agreement and the benefit of the bargain? Yes, we do, Your Honor. Was it necessary for him to withdraw his plea agreement to get relief, Your Honor, or was it just necessary for the conviction to be vacated? If he had simply asked to have his conviction vacated, the result's the same. It would have the same effect because this negotiated plea agreement was predicated on him having a class for AUW conviction once everything was said and done, and now he doesn't. And under basic contract principles, for decades this court has held it. What happened here is the defendant has unilaterally modified his agreement, and this court held in Evans, for instance, allowing a defendant to unilaterally modify the terms of a fully negotiated plea agreement, which is the one we have here, while holding the people to its part of the bargain, just having the charges remain dismissed, flies in the basic contract law principles. What do we do, Mr. Nowak, with the fact that it's going to be difficult, isn't it, for the defendant to be returned to the status quo before the plea agreement? He did serve his full term of probation, right? He did, Your Honor. What about that portion of the bargain? That portion of the bargain – let me frame it in this term, to answer your question. If he hadn't filed a 214-01 petition and he served his term as he did, that AUW conviction would remain on his record on the books for good. The fact that he served his term of probation didn't make it disappear. That stayed on his record.  That can't be taken back. But he did have his felony gun conviction. It was taken off his record. And that's not fair to the State, because if the State had known at the time, in 2009, this particular form of AUW was going to be declared unconstitutional, we would have gone forward on count four, the Class IV form of AUW, based on him being under 21 and possessing a firearm. So while he has served his term of probation, the ultimate benefit to him, the State has to have an opportunity to get put back to its position, is that he no longer has that gun conviction on his record. And ultimately that's what happens here, is that under McCutcheon, once that plea is withdrawn, which is effectively what happened here when he had that conviction vacated, there was nothing that prevented the State from reinstating those other charges. And again, this comes down to the fact that this is a negotiated plea agreement. So certainly he's served his term at this point of probation, but he doesn't have that bargain for conviction on his record. And if the parties had known at the time, the State would have dismissed all but count four and gone forward on that. All the State's asking for at this point is to be allowed the opportunity to go forward on a valid count. We're not asking this defendant to serve any additional time, any more probation, just that ultimately the State should have its part of the bargain and have the opportunity to go forward on an unquestionably constitutional count. If the defendant raises an issue of statute of limitations, it would prevent you from proceeding. Would you address that? Certainly, Your Honor. The statute of limitations here was told once that prosecution was begun. And it remains told because this case never reached a final disposition on appeal. And again, this is all in the context of this being a negotiated guilty plea. Of course, it never went to an appeal because the defendant, up until the 240-01 petition, hadn't sought to have it withdrawn, hadn't gone through the appellate process. And so in terms of a negotiated plea agreement, once those non-prose charges do remain pending, and the statute of limitations remains told because there has been no final disposition at that point. And again, if this defendant hadn't come into court and asked to have that conviction vacated, the State would not have asked to reinstate these charges because both sides would have had the benefit of this bargain. Defendant has a 24-month probation term and the one count of AUW, and the people would have that one count on his record, that felony gun conviction on his record. Is there a case law that would support that theory that these charges remain pending? It hasn't been addressed, Your Honor, as far as in this context. Again, because this is a negotiated guilty plea, and typically if it's going to be withdrawn, it's done within 30 days. But here, because it's attacking before judgment, it's years later. And so this Court has never had an opportunity to address that. But just reading the plain language of the statute, about statute of limitations and about when a prosecution ends, that is the takeaway from that, is that, for instance, under Section 216, that defines prosecution. It means that it continues including the final disposition of the case upon appeal, and it's told until that time. And here, again, defendant was warned. He knew what would happen when he had that plea agreement withdrawn, is that the State would have the right to reinstate those charges. Circuit Court erred when it didn't allow the State to do that, and the Appellate Court had jurisdiction under Illinois Supreme Court Rule 304b-3 and generally under Section 6, Article 6 of the Illinois Constitution. 304b-3 expressly gives the Appellate Court jurisdiction to review relief granted from a 214-1 petition, which is exactly what happened here. Had that relief granted, and as part of that relief, the Court under McCutcheon had to allow the State to reinstate those charges, if it so sought, and people did request that. And Section 6 of Article 6 applies to final judgments, and this was a final judgment here. There was nothing else to do. In conclusion, Your Honors, this defendant committed a felony gun offense at AUW on February 7, 2009, and would possess that firearm when he was under the age of 21. The plea agreement was based on the understanding he was going to have that felony gun conviction on his record. The Circuit Court erred when it vacated that conviction but refused to allow the State to reinstate valid charges, and the Appellate Court had jurisdiction to consider this issue. For these reasons and those in our briefs, Your Honors, we ask that this Court reverse the judgments of the Circuit Court and the Appellate Court and remand this case to the Circuit Court for further proceedings. Thank you. Good morning, Chief Justice, Your Honors, and may it please the Court. My name is Amanda Ingram, and I represent Cornelia Chennaul. The issue here today is whether the Appellate Court had jurisdiction to hear the State's appeal from the denial of a motion to reinstate charges. The Appellate Court properly concluded that it was without jurisdiction where no rule or constitutional provision provided for an appeal in these circumstances. Mr. Chennaul asks that this Court affirm the holding of the Appellate Court. The State argues that the Appellate Court had jurisdiction under Rule 304b-3 to consider an appeal from the denial of its motion to reinstate. However, Rule 304b-3 only allows for an appeal from orders granting or denying any relief prayed in a petition under Section 214.01. Here, the State's motion to reinstate charges was not any part of the relief requested in the original 214.01 petition. Thus, by its plain language, Rule 304b-3 does not apply. Even if, as the State claims, the trial court withdrew the plea and vacated the conviction, Rule 304b-3 would still not apply. The State agreed that the conviction could be vacated and the plea withdrawn. Thus, it is not appealing any of the relief granted by the trial court from the 214.01. Rather, it is appealing the denial of its separate motion to reinstate charges. Because the motion to reinstate charges was not prayed for in the Section 214.01 petition, Rule 304b-3, by its plain language, does not apply. The State also argues, in the alternative, that Article 6, Section 6 of the Illinois Constitution, provides an avenue for appeal. However, Section 6 only provides for an appeal from final orders. The Court's order denying leave to reinstate was not a final order because the State can still refile the charges subject to any statutory or constitutional limitations or absent a showing of harassment, bad faith, or a fundamental unfairness. This is analogous to a dismissal of a complaint without prejudice. It's not a final order because the State can still refile the charges. Because the State can refile without seeking leave of court, the denial of the motion to reinstate was not a final order subject to an appeal under Section 6. Additionally, there is currently no case pending from which the State can appeal. The 214-01 petition only addressed the conviction, not the nollie charges. The State never filed a motion to vacate the nollie-crossed charges, and the trial court never had an opportunity to rule on that particular issue. Absent a motion to vacate the nollie-crossed, those charges remain effectively dismissed. With the conviction vacated and the charges nollie, there is no case pending from which the State can appeal. Finally, the right to an appeal under Section 6 is circumscribed by Illinois Supreme Court rules. Here, this is not a final order, and no Supreme Court rule provides for an appeal from the denial of a motion to reinstate charges. Thus, the appellate court properly found that it was without jurisdiction to hear the State's appeal in this case. Even if the appellate court had jurisdiction and this court decides to reach the merits, this court should still find that the motion to reinstate was properly denied. First, the charges are barred by the statute of limitations. The statute of limitations for felony is three years after the commission of the offense, and even considering the limitations period told, while the prosecution was pending, the statute of limitations would have expired in April of 2012. Didn't you just tell us, though, that the charges here are not final? This is not a final case? It's not a final order. Okay. So it's not a final order, and how does that fit with your argument of statute of limitations? Well, the charges, when charges are nollied, it is as if they were dismissed effectively. So the defendant is put back in the position he was in before the prosecution commenced. Charges cannot simultaneously be pending and also effectively dismissed at the same time. It simply, it doesn't make sense. The state's suggestion to the contrary would lead to absurd results, that any time a defendant pleads guilty and declines to pursue a direct appeal, as in this case, the conviction in any nollie charges would remain pending indefinitely for the rest of his life. Such a holding would render the statute of limitations meaningless. So unless and until the state can assert an exception to the rule here, then the statute of limitations bars reinstating the nollie charges at this time. I'd like to also briefly address the state's argument about a mutual mistake. There was no mutual mistake here. At the time of the plea and throughout the time that Mr. Chennault served his probation, this was a valid conviction throughout that entire period. And just because neither party foresaw that what was at the time a valid plea would later be ruled unconstitutional does not transform their original understanding into a mutual mistake. And even if it did, Mr. Chennault cannot be returned to the status quo before he entered the plea because he has already served his entire sentence successfully. Finally, the state argues that it would be unfair to them to affirm the appellate court's finding that it lacked jurisdiction to hear an appeal. But the state is not without a remedy, as it is free to refile the charges. If the defendant's motion to dismiss based on the statute of limitations is denied, as the state suggests that it would be, then it can pursue the convictions on the previously nollie charges. Fairness is a concept that must be applied equally to both parties. It would not be fair to re-prosecute Mr. Chennault for possessing a gun when he has already served his sentence of probation successfully. He cannot be put back in the position he was in before the guilty plea. Furthermore, the state's argument that it does not seek additional time is of little assurance. Chennault should not be asked to take the state's word for it that he won't be sentenced to more time. The state wishes to revive the nollie charges, and it believes it can prove each of those charges. Ultimately, it would be up to the trial court to issue a sentence to Mr. Chennault and not to the state. He would almost certainly be exposed to more time should he be successfully prosecuted for this offense. Where he has already served a full term of probation, the balance of concerns about fundamental fairness weighs in Mr. Chennault's favor. If there are no further questions, I will briefly conclude. The appellate court properly found that it lacks jurisdiction to hear the state's appeal from the trial court's order denying the motion to reinstate charges. No rule or constitutional provision provides for a state appeal in these circumstances. Additionally, there is no basis to reinstate the charges where the statute of limitations has expired and the state's current effort to bring charges is vindictive, in bad faith, and fundamentally unfair. Mr. Chennault asks that this court affirm the holding of the appellate court. Thank you. Your Honors, what the people are seeking is fairness and justice. People are not being vindictive or seeking an unfair result for this defendant or for the people of the state of Illinois. As to the fact that he finished his sentence, Your Honors, this is no different than when a defendant has finished his sentence but has his conviction overturned on appeal. Even though he may have finished his sentence at that point, the state is free to retry that defendant even though he's already preserved his sentence. It's the same situation here. And again, the defendant can take the state's word for it. The people are not seeking an extra sentence for this defendant. And under Pierce v. North Carolina, the state would be prevented from seeking an increase in that sentence. This defendant served his time. He got his benefit of the bargain of having a 24-month probation term. The state didn't get their benefit of the bargain of having a felony, Class IV felony AUW conviction on his record. And these felony convictions on a defendant's record is important in the interest of justice and to the state. And under contract principles, the state had the right to reinstate that. As for the notion of defendants suggesting that the state merely refiled, the state is not required to refile. This court has made it clear that the state may reinstate charges. And that was in fairness to the defendant. And under McCutcheon, this court held plainly that when a plea agreement is vacated, there it was vacated by the appellate court rather than the circuit court. But in McCutcheon, the court held that when a plea agreement is vacated, nothing prevents the state from reinstating the charges. McCutcheon didn't hold the state may refile. It said nothing prevented the state from reinstating those charges. That's what the people saw here. They expressly agreed with the defendant. Their conviction was void ab initio. You sought to have it vacated now. But under contract principles, the people are allowed to reinstate those charges. The defendant talked about statute of limitations. But, again, under the statute of limitations section of the statute, those are pending until this is a final disposition on appeal. Again, this is all in the terms of a negotiated plea agreement. This wouldn't necessarily apply to just a blind plea, obviously, or to a trial. This has to do with a negotiated plea agreement because it's in that particular context that contract principles apply and that there has to be fairness to both sides, not just defendant but also to the state. Here, it was in the state's interest to have this defendant, who undoubtedly committed a Class IV AUW in 2009, to have that on his record. He was under 21 at the time. This Court held in Mosley that that particular form of AUW is constitutional. There's no vindictiveness here. The people are simply seeking fairness. And under contract principles, the state had a right to reinstate it. So for these reasons and those in our briefs, Your Honors, we ask that this Court reverse the judgments of the Circuit Court and the Appellate Court and remand this matter back to the Circuit Court for further proceedings. Thank you. Case No. 120162, People of the State of Illinois v. Cornelius Chennault, will be taken under advisement as Agenda No. 13. Mr. Novak and Ms. Ingram, thank you for your arguments this morning. You are excused at this time.